**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| DEBORAH CREECH, as surviving spouse of Guy Doyle Creech, | * * * | |
| Plaintiff, | * * | |
| v. | * * | CV 416-011 |
| ONEBEACON AMERICA INSURANCE COMPANY, | * * * | |
| Defendant. | * | |

## O R D E R

Presently before the Court is Defendant's motion to stay proceedings pending arbitration (Doc. 5). For the reasons below, Defendant's motion is **DENIED**.

### I. BACKGROUND

In early 2012, Defendant issued an accidental death insurance policy ("policy") to Plaintiff's husband, Guy Doyle Creech, for the benefit of his spouse, Plaintiff Deborah Creech. However, since the death of Plaintiff's husband in September 2012, Defendant has denied liability for the policy benefits. Consequently, Plaintiff filed this suit in the State Court of Effingham County, Georgia, on January 11, 2016.

After removing the case to this Court, Defendant filed the instant motion to stay proceedings pending arbitration. In so

doing, Defendant contends that the policy's arbitration clause
mandates that this Court issue a stay and order the parties to
arbitrate. Conversely, Plaintiff argues the policy's
arbitration clause is unenforceable such that no stay should be
granted.

## II. DISCUSSION

Under the Federal Arbitration Act,

> [a] written provision in . . . a contract
> evidencing a transaction involving commerce
> to settle by arbitration a controversy
> thereafter arising out of such contract or
> transaction, or the refusal to perform the
> whole or any part thereof, or an agreement
> in writing to submit to arbitration an
> existing controversy arising out of such a
> contract, transaction, or refusal, shall be
> valid, irrevocable, and enforceable, save
> upon grounds as exist at law or equity for
> the revocation of any contract.

9 U.S.C. § 2. Thus,

> [i]f any suit or proceeding be brought in
> any of the courts of the United States upon
> any issue referable to arbitration under an
> agreement in writing for such arbitration,
> the court in which such suit is pending,
> upon being satisfied that the issue involved
> in such suit or proceeding is referable to
> arbitration under such an agreement, shall
> on application of one of the parties stay
> the trial until such arbitration has been
> had in accordance with the terms of the
> agreement.

9 U.S.C. § 3. However, under Georgia law, arbitration
provisions within "any contract of insurance, as defined in
paragraph (1) of Code Section 33-1-2" are unenforceable.

2

O.C.G.A. § 9-9-2(c)(3); <u>Continental Ins. Co. v. Equity Residential Props. Trust</u>, 565 S.E.2d 603, 604 (Ga. Ct. App. 2002)(providing that O.C.G.A. § 9-9-2(c)(3) "invalidates arbitration agreements in insurance contracts").

While ordinarily federal law preempts contradictory state law, the McCarran-Ferguson Act prevents such an outcome in this case:

> No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance . . . unless such Act specifically relates to the business of insurance.

15 U.S.C. § 1012(b). In interpreting this provision, the Eleventh Circuit has held (1) that "[O.C.G.A.] § 9-9-2(c)(3) is a law enacted to regulate the business of insurance, within the meaning of the McCarran-Ferguson Act" and (2) that the "Federal Arbitration Act does not itself specifically relate to the business of insurance." <u>McKnight v. Chicago Title Ins. Co.</u>, 358 F.3d 854, 857, 859 (11th Cir. 2004). Therefore, in this case, O.C.G.A. § 9-9-2(c)(3) governs over the Federal Arbitration Act.

Given this determination, the policy's arbitration clause will be unenforceable so long as the policy is a "contract of insurance, as defined in paragraph (1) of [O.C.G.A. §] 33-1-2." As the Georgia Code defines a contract of insurance as "a contract which is an integral part of a plan for distributing individual losses whereby one undertakes . . . to pay a

3

specified amount or benefits upon determinable contingencies," both parties agree that the policy meets this definition. O.C.G.A. § 33-1-2(2). However, Defendant contends that because this definition is found in O.C.G.A. § 33-1-2(2) rather than O.C.G.A. § 33-1-2(1), as O.C.G.A. § 9-9-2(c)(3) provides, O.C.G.A. § 9-9-2(c)(3) should have no effect. Yet, despite this argument, neither the Georgia Supreme Court nor the Eleventh Circuit have held that this inconsistency should prevent the enforcement of O.C.G.A. § 9-9-2(c)(3). See McKnight, 358 F.3d at 857-58; Love v. Money Tree, Inc., 614 S.E.2d 47, 49 n.6 (Ga. 2005)(citing to § 33-1-2(2) for the definition of "contract of insurance" applicable to § 9-9-2(c)(3)). As a result, this Court finds O.C.G.A. § 9-9-2(c)(3) to be fully enforceable to contracts of insurance as defined by O.C.G.A. § 33-1-2(2) and concludes that the arbitration clause within the policy is unenforceable.

### III. CONCLUSION

For the reasons above, the Court **DENIES** Defendant's motion to stay proceedings pending arbitration (Doc. 5).

**ORDER ENTERED** at Augusta, Georgia, this _16th_ day of February, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

4