# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

DEBORAH CREECH, )
)
     Plaintiff, )
)
v. ) Case No. CV416-011
)
ONEBEACON AMERICA )
INSURANCE COMPANY, )
)
     Defendant. )

## ORDER

Defendant OneBeacon America Insurance Company's Fed. R. Civ. P. 45(g) motion to compel Gary T. Parker to produce "employment or driving/trucking records" is technically unopposed by operation of Local Rule 7.5 (no response means no opposition), and due to be granted. Doc. 18. But there are some complications here. First, OneBeacon candidly admits that it served its subpoena upon Parker, a nonparty, only by mail, even though "it appears that the majority rule requires the personal service of a subpoena." Doc. 18 at 2. An encyclopedist agrees: "The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required." 9A WRIGHT & MILLER: FEDERAL PRAC. & PROC. § 2454 (2016)

(footnote omitted). Indeed, only last year this Court reminded a *pro se* litigant that she must follow the subpoena rules, including personal service. *Wilkerson v. State of Georgia*, 2015 WL 8484545 at * 1 (S.D. Ga. Dec. 9, 2015) ("[T]he Court cautioned [plaintiff] about following the procedural rules (particularly Fed. R. Civ. P. 45(b)(1)), requiring her to tender witness fees and mileage and use personal, not by-mail, service and noted that it could not assist her.").

Yet, as OneBeacon points out, doc. 18 at 2, plenty of courts in this circuit have upheld the service-by-mail option. *See S.E.C. v. Rex Venture Group, LLC*, 2013 WL 1278088 at * 2 (M.D. Fla. Mar. 28, 2013) (collecting cases); *see also id.* ("It does not appear the Eleventh Circuit has addressed this particular issue and the Court finds these cases persuasive, especially since it is clear that Mr. Woods received the subpoena both by federal express and certified mail."). The Court has not located an Eleventh Circuit case resolving the issue.

But another complication arises here -- there is no indication that OneBeacon served Parker with the instant motion, so how would he know to oppose it? After all, Parker is not a party to this case, and OneBeacon's

Certificate of Service shows service only on Creech's counsel, not Parker. And OneBeacon knows his address. Doc. 18-1 at 1.

Out of an abundance of caution, then, the Court will hear from Parker within 14 days after this Order is served[1] should he wish to challenge OneBeacon's subpoena on personal-service grounds (that is, after all, the only way this Court has jurisdiction over him). If not, then he will be ordered to comply with the subpoena upon pain of contempt under Rule 45(g). OneBeacon is invited to submit a proposed Order at that time.

**SO ORDERED,** this  1st  day of August, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Clerk shall serve him by First Class mail at the address OneBeacon supplied. Doc. 18-1 at 1.